UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Muhammad Mustafa Abdullah, #00115-000, *aka Khayr Al Fasilin-Imam Muhammad Mustafa Abdullah,*<br><br>                Plaintiff,<br><br>vs.<br><br>Eleanor Weaver, Saluda, South Carolina; Dorothy Weaver, Saluda, South Carolina; All Owners, Managers, Representatives, Spokespersons known and unknown of any valuables, monies, businesses, estates, stores, dairy companies, land, farms, barns, storehouses, houses, residents left owned while living of Mr. George Dukes, now deceased, of Saluda, South Carolina, may he rest in peace; Mr. George Dukes, now deceased, of Saluda, South Carolina, may he rest in peace,<br><br>                Defendant(s). | C/A No.: 8:12-3430-JMC-JDA<br><br><br><br>Report and Recommendation |

Plaintiff, Muhammad Mustafa Abdullah, a federal prisoner proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is incarcerated at a maximum security facility in Florence, Colorado, and files this action *in forma pauperis* under 28 U.S.C.

---

[1] The undersigned is treating this as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 and other civil rights statutes because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *Farmer v. Brennan*, 511 U.S. 825, 128 L.Ed.2d 811, 114 S.Ct. 1970 (1994).

§1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual Background

Plaintiff files this Complaint against his aunt, Eleanor Weaver, and his cousin, Dorothy Weaver, as well as individuals and/or groups he believes received property and/or money in the administration of the estate of George Dukes, who was Plaintiff's father. The Complaint is less than clear, however, the relevant portion of Plaintiff's complaint says:

> "...Mr. George Dukes is my father and gave me houses, property and thousands of dollars early as 7 years old. Now since his raising up to paradise, Eleanor Weaver his sister and Dorothy Weaver his niece did try to edit out my mentioning in his will and usurp my property monies, all inherited which is legally mine as his son long ago and now be careful be considerate points of expectation. I believe the courts will investigate my allegations contention and render lawful ownership of my legal belonging to me now."

Complaint at 6. (ECF No. 1).

This is not the first time Plaintiff has raised these claims in this court. *See Abdullah v. Weaver, et al.*, Civil Action No. 8:11-1431-JMC-JDA (D.S.C. 2011), where the court dismissed these claims without prejudice, and without issuance and service of process. A Court may take judicial notice of its own books and records. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

II.   Discussion

A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th

Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

    B.    Analysis

In order to state a cause of action under 42 U.S.C. § 1983 or under the *Bivens* doctrine, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). There is no indication that the defendants in this case have acted under color of state law, which is a jurisdictional prerequisite to a § 1983 civil rights action. *See Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980)(state action is an essential preliminary condition to Section 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff).

The United States Court of Appeals for the Fourth Circuit has ruled that private corporations, individuals, or entities, generally, do not act under color of state law. *Lugar v. Edmondson Oil Co.*, 639 F.2d 1058, 1062-1069 (4th Cir. 1981), *affirmed in part and reversed in part* [on other grounds], 457 U.S. 922 (1982)(As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that "most rights secured by the Constitution are protected only against infringement by governments...") *citing Flagg Brothers*, 436 U.S. 149, 156, 98 S.Ct. 1729, 1733 (1978).

In any event, the *pro se* plaintiff has not made any allegations which would connect the actions of the defendants[2] to the actions of a person or persons acting under color of

---

   [2]Although a private citizen can act under color of state law, his or her actions must occur where the private citizen is a willful participant in joint action with the state or an agent of

state law. Generalized allegations of conspiracy are not sufficient. *See Stubbs v. Hunter*, 806 F. Supp. 81, 82-83 (D.S.C. 1992); *Wetherington v. Phillips*, 380 F. Supp. 426, 428-429 (E.D.N.C. 1974), *affirmed*, 526 F.2d 591 (4th Cir. 1975)[Table]; and *Joyner v. Abbott Laboratories*, 674 F. Supp. 185, 191 (E.D.N.C. 1987).

Furthermore, after reviewing the pleadings, there is clearly no basis for a finding of diversity jurisdiction over this complaint. The diversity statute, 28 U.S.C. § 1332(a), requires **complete** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332.

Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 & nn. 13-16 (1978). This court has no diversity jurisdiction under 28 U.S.C. § 1332 because the plaintiff and the defendants in this case are residents of the State of South Carolina. Hence, complete diversity of parties is absent in the case *sub judice*.

Furthermore, even if diversity jurisdiction were present, case law in this Circuit recognizes the well-established "probate exception" to diversity jurisdiction, i.e., federal courts have no jurisdiction over matters that are exclusively within the jurisdiction of state probate courts. *See Beattie v. J.M. Tull Foundation*, 941 F. Supp. 57 (D.S.C. 1996). *Cf.*

---

the state. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).

*Foster v. Carlin*, 200 F. 2d 943, 947 (4th Cir. 1952); *Cottingham v. Hall*, 55 F.2d 664 (4th Cir. 1932); and *Ladd v. Tallman*, 59 F.2d 732 (4th Cir. 1932).

Since Plaintiff has failed to name a defendant who may be sued in a Section 1983 action and diversity jurisdiction is lacking, and because this court would not be able to hear this matter pursuant to the diversity statute due to the well-established "probate exception" in any event, it is unnecessary to address the merits, if any, of Plaintiff's Complaint.

III.    Conclusion

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Jacquelyn D. Austin
United States Magistrate Judge

January 8, 2013
Greenville, South Carolina

**<u>The plaintiff's attention is directed to the important notice on the next page.</u>**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Room 239
> 300 East Washington St.
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).